EXUM GREEN and wife v. A. G. ROUNTREE..

*Confederate Money—Trusts and Trustees.*

The rule announced in previous decisions of the court, as to the acceptance
and management of Confederate money by trustees during the late war,
affirmed.

(*Cumming* v. *Mebane,* 63 N. C., 315; *Shipp* v. *Hettrick, Ib.,* 329; *Patton* v.
*Farmer,* 87 N. C., 337, cited and approved).

CIVIL ACTION tried at Fall Term, 1881, of GATES Superior
Court, before *Bennett, J.*

The plaintiffs sue for an account of the estate of the *feme*
plaintiff, which came to the hands of the defendant as her
guardian. The only question involved in the appeal is as to his
liability for a sum of Confederate money, received in December,
1862, upon a bond secured upon personal security, and then
solvent.

The facts of the case are as follows: A tract of land in which
the *feme* plaintiff, then an infant and unmarried, had an interest,
was sold under a decree of the court of equity of Gates county,
the sale confirmed, and title made to the purchaser under the
directions of the court—all this prior to the appointment of the
defendant as guardian in 1857. After his appointment, the
bond in question, which represented her interest in the land, was
passed to him as guardian, instead of the money, under an
express order of the court.

In December, 1862, the maker of the bond tendered the
amount due thereon in Confederate currency to the defendant,
and he accepted the same. This money he kept separate and apart
from his own, and using no part thereof for any purpose until
the spring of 1863, when, not being able to make any other
investment, and acting under the advice of friends, he converted
it into seven-thirty-interest-bearing notes of the Confederate

States, which notes he held as his ward's property, distinct from his own, and produced and identified the same on the trial.

At the time he received the Confederate money in 1862, it was current amongst the prudent business men of that section of the state, and was accepted by them in discharge of ante-war debts, even when well secured, and they also were in the habit of investing the same into like interest-bearing notes.

On the trial, at the suggestion of the court, but with the assent of both parties, the following issue was submitted, and responded to in the affirmative by the jury: · "Did the defendant exercise proper discretion in collecting the bond in the fall of 1862?"

In instructing the jury, the court said to them, that "if a guardian in December, 1862, collected on a well secured ante-war bond Confederate money, and kept the same apart from his individual funds, and afterwards, in the spring of 1863, invested it in seven-thirty-interest-bearing Confederate notes, and if prudent business men in his part of the country, at that time, received such money in payment of their own well secured ante-war debts, then he would have exercised proper discretion, and would be guilty of no laches that would make him liable for the amount." Plaintiff excepted to this instruction.

Verdict and judgment for the defendant, from which the plaintiff appealed.

*Messrs. Pruden & Shaw*, for plaintiff.
*Mr. L. L. Smith*, for defendant.

RUFFIN, J. No fraud seems to be imputed to the defendant, but in the argument the case was made to turn solely upon the exception to the instruction given, as to the degree of care and diligence required of him in the collection and investment of his ward's money.

In both these particulars, the case comes directly within the rule laid down in *Cumming* v. *Mebane*, 63 N. C., 315; *Shipp* v.

*Hettrick, Ib.*, 329; and *Patton* v. *Farmer*, 87 N. C., 337, and must be governed thereby.

These authorities clearly sustain the charge given to the jury in this case, their principle being that no trustee will be held for loss, who acts in good faith and manages his trust funds with that degree of diligence which prudent business men, similarly situated, use in the conduct of their own affairs.

As to the investment in other Confederate securities, of which complaint is made: It was his duty to invest the fund in some way, and the case discloses that he could find no other means of doing so, and in *Shipp* v. *Hettrick*, one of the very grounds upon which the trustee in that case was held responsible, was his failure to make the same investment of his trust fund in Confederate bonds, that he had done of his own.

We perceive, therefore, no error in the instructions given, or in the judgment of the court, and the same must be affirmed.

No error. Affirmed.