## MRS. MARY CREWS POINDEXTER and MARY ELIZABETH POINDEXTER v. THE FIRST NATIONAL BANK OF WINSTON-SALEM.

(Filed 23 May, 1956.)

**1. Appeal and Error § 51—**

Upon appeal from judgment as of nonsuit, plaintiffs' evidence is to be considered as true and interpreted in the light most favorable to plaintiffs, resolving all conflicts in plaintiffs' favor, and the Supreme Court will not attempt to pass on the credibility of the witnesses.

**2. Executors and Administrators § 10—**

An administrator is not an insurer of the assets of the estate, but is required, in the ordinary course of administration, to act in good faith and with such care, foresight and diligence as an ordinary prudent and sensible person would act with his own property under like circumstances.

**3. Executors and Administrators § 12a—**

In the absence of statutory provision, a personal representative may carry on the business of the decedent only where a binding contractual obligation made by the decedent so requires, where a temporary operation is necessary to prepare the assets for sale as a going concern or for liquidation, or when authorized by the court, and he is responsible for loss to the estate which proximately results from an unauthorized operation of decedent's business. G.S. 28-73; G.S. 28-190.

**4. Same—**

Evidence that the personal representative continued the operation of intestate's manufacturing business in the ordinary course of trade, installing its own management, purchasing machinery, etc., for a period of 21 months until the business became insolvent, and that at the time the personal representative took over the business it was worth a large sum over and above its liabilities, *is held* sufficient to overrule nonsuit in an action by the beneficiaries of the estate to recover for loss to the estate proximately resulting from the unauthorized operation of the business by the personal representative.

Devin, J., took no part in the consideration or decision of this case.

APPEAL by the plaintiffs from *McKeithen, S. J.,* 23 January, 1956 Term, FORSYTH Superior Court.

Civil action for the sum of $53,944.16 which the plaintiffs allege they are entitled to recover from the defendant by reason of its negligence and mismanagement as administrator of the estate of Nat S. Poindexter. The plaintiff Mary Crews Poindexter is the widow, and the plaintiff Mary Elizabeth Poindexter is the only child and heir at law of Nat S. Poindexter. They are his only distributees.

The plaintiffs allege in substance that Nat S. Poindexter died 16 July, 1952, and that 10 days later the defendant qualified as his administrator. The assets of his estate consisted in the main of stock in Winston Manufacturing Company, Inc., which was engaged in the manufacture of various types of furniture. The main plant was located in Winston-Salem and subsidiaries were located in Hickory, Thomasville and Troy. Mr. Poindexter's stock in these plants was worth the sum of $32,000 over and above all liabilities, including costs of administering his estate. The company owed him a salary of $7,415.01 which the defendant should have collected but failed to collect from the assets of the company. He was surety on a note executed by the company for the sum of $14,029.60 payable to the defendant. As collateral for the note, the defendant held stock in the plant located at Hickory which the defendant should have applied to the discharge of the note. The defendant dissipated all the assets of the Winston Manufacturing Company and later subjected the real property of Nat S. Poindexter to sale for the payment of the note. The defendant should have liquidated the assets which came into its possession as administrator. Instead it attempted to operate the furniture business but by reason of inexperience, mismanagement, hiring of incompetent personnel, lack of supervision, the purchase of expensive machinery, and waste of materials the Winston Manufacturing Company after 21 months operation became totally insolvent. Thus the entire assets of the personal estate of Nat S. Poindexter were lost.

The defendant by answer denied the Winston Manufacturing Company was solvent at the time it qualified as administrator. It alleged that it attempted to straighten out the business but that conditions of the plants, its accounts, books and records were in such condition that the company failed, notwithstanding the good business management provided by the defendant; that the defendant at all times and in all things acted in good faith and in the best interests of the estate and that it was not guilty of mismanagement in any particular. The defendant pleaded acts and conduct on the part of the plaintiffs by way of estoppel.

The plaintiffs offered the evidence of Sam C. Jackson who testified in substance that he was a co-owner with Nat S. Poindexter in the

furniture business; that each owned one-half the stock in Winston Manufacturing Company, Inc. Before the defendant entered upon its duties as administrator it required the witness to transfer to it one share of his stock so that thereafter the defendant would have control of the company. The stock was transferred and thereafter the defendant assumed full control. The trust officer of the bank was elected president. The defendant selected a Mr. Clock and placed him in charge as manager. The trust officer of the bank, Mr. Clock and the witness were elected directors although the witness had little or nothing to do with the management which was carried on by the other directors acting for the defendant. Mr. Jackson further testified that in his opinion the assets of the company at the time the defendant qualified as administrator were worth $295,000 and that the debts of all plants amounted to about $135,000. The net worth of the business was approximately $160,000, one-half of which belonged to the Poindexter estate. During the operation the defendant spent $22,000 for new machinery and after operating the business for approximately 21 months it went into bankruptcy.

The attorney for the referee in bankruptcy testified that claims amounting to more than $140,000 were filed and that the remaining assets were sold for approximately $41,000.

The plaintiff offered other evidence, cumulative in character. The court, upon objection, excluded evidence tending to show the management placed in charge of the business was incompetent and permitted waste. The plaintiffs amended their claim for loss by reason of the failure of the defendant to collect the note by reducing it from $14,-029.60 to $12,787.81. At the close of the plaintiffs' evidence the court, on motion, entered judgment of involuntary nonsuit, from which the plaintiffs appealed.

*Eugene H. Phillips for plaintiffs, appellants.*

*Dallace McLennan and Ratcliff, Vaughn, Hudson, Ferrell & Carter for defendant, appellee.*

HIGGINS, J. In passing on the question of nonsuit this Court is required to accept and interpret the evidence offered in the light most favorable to the plaintiffs. If there is conflict in the evidence, or if it is susceptible of more than one interpretation, these must be resolved in the plaintiffs' favor. *Williamson v. Clay,* 243 N.C. 337, 90 S.E. 2d 727; *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683; *Singletary v. Nixon,* 239 N.C. 634, 80 S.E. 2d 676.

Applying the recognized tests, did the plaintiffs introduce enough evidence to entitle them to have the jury pass on their claim of loss

by reason of the failure of the defendant properly to discharge its duty as administrator of the estate of Nat S. Poindexter? Under the law of this, as well as other jurisdictions, an administrator is not an insurer of the assets committed to his care in the settlement of his decedent's estate. In the ordinary course of the administration all that is required of him is that he act in good faith and with such care, foresight and diligence as an ordinarily sensible and prudent man would act with his own property under like circumstances. *Turnage v. Worthington,* 204 N.C. 538, 168 S.E. 823; *Tayloe v. Tayloe,* 108 N.C. 69, 12 S.E. 836; *Syme v. Badger,* 92 N.C. 706; *Patterson v. Wadsworth,* 89 N.C. 407; *Green v. Rountree,* 88 N.C. 164.

The plaintiffs contend it was the duty of the administrator to liquidate the assets of the estate and that it had no right to operate a furniture business with plants in Winston-Salem, Hickory, Thomasville and Troy. G.S. 28-73 provides: "Every executor and administrator shall have power in his discretion and without any order, except as hereinafter provided, to sell, as soon after his qualification as possible all the personal estate of his decedent." G.S. 28-190 provides: "When any person shall die while engaged in farming operations his executor or administrator shall be authorized to continue such operations until the end of the current calendar year and until all crops grown that year are harvested."

In the absence of statutory provision, it seems that a personal representative may also carry on a business (1) where a binding contractual obligation made by the intestate so requires; (2) where a temporary operation is necessary to prepare the assets for sale as a going concern or for liquidation; (3) when authorized by the court. The clear implication is that subject to these exceptions it is the duty of an administrator to proceed with dispatch to liquidate and settle the estate. Schuler, on Executors and Administrators, paragraph 325, 2d Ed., states the rule: "An administrator is not justified in placing or leaving assets in trade for this is a hazardous use of trust monies and trading lies outside his scope." The rule is stated in Am. Jur., Vol. 21, Sec. 255, pp. 518 and 519, as follows: "The characteristic duty of the personal representative of a decedent is the settlement of his estate . . . it is no part of his duty as an administrator to carry on a business conducted by the decedent; but it is on the contrary . . . a breach of trust for a personal representative of a decedent to carry on a trade or business on behalf of an estate. Accordingly, it may in general be said that unless expressly authorized by statute, by an order of court, by the will of the decedent, or by the terms of a partnership agreement, neither an executor nor an administrator has any authority or power to continue the estate of his decedent in trade or business enterprise engaged in by him

at the time of his death, except for the purpose of disposing of his stock in trade in order to settle the estate or by disposing of the business of a going concern. The personal representative of a deceased person may, in order to settle speedily an estate, continue a business for a reasonable time and sell the stock in the ordinary course of trade, but he cannot without specific authority undertake generally to carry it on." In support, the decisions of courts of last resort in many jurisdictions are cited in the footnote.

It may be stated as a general rule, an administrator is relieved of responsibility for loss to the estate if he acts honestly, with ordinary care, and within his authority. If he acts without authority, he is responsible for loss to the estate which proximately results from his unauthorized acts.

It is generally the practice of this Court when a judgment of nonsuit is reversed and the case sent back to the Superior Court for trial on the merits, to discuss the evidence only to the extent necessary to give the reason for the decision. This Court does not attempt to pass on the credibility of the witnesses or to reconcile conflicts in the evidence. The matters set up in the defendant's answer, including its plea of estoppel, are not now pertinent to this decision. Such matters are for the trial court. We conclude the plaintiffs offered evidence sufficient to entitle them to present their case to the jury. To that end the case is sent back to the Superior Court of Forsyth County for hearing on the merits.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.