SUDNEK, F.K.A. BLACKETT, APPELLEE, *v.* KLEIN, EXR., APPELLANT.

[Cite as *Sudnek v. Klein* (1999), 84 Ohio St.3d 1243.]

(No. 97–2341—Submitted November 10, 1998—Decided February 17, 1999.)

*Lynch & Lynch* and *Matthew J.D. Lynch; Krembs & Alkire, L.L.P.,* and *Andrew P. Krembs,* for appellee.

*Lucius C. Gossick,* for appellant.

The appeal is dismissed, *sua sponte,* as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

MOYER, C.J., dissenting. The parties have presented this court with an opportunity to write on an issue that has produced virtually no precedent in this state.

Resolution of this appeal is dependent upon interpretation of R.C. 2113.30 and its applicability to the cause before us. I believe that this court should address the legal issues presented in this case. I do not agree that this cause should be dismissed as improvidently allowed, and I therefore write separately to express my views on the merits of the primary issue presented.

On August 9, 1995, appellee Marjorie Sudnek, f.k.a. Marjorie L. Blackett, filed an action in Geauga County Common Pleas Court, Probate Division, naming appellant Richard C. Klein, executor of the estate of Ralph M. Lauria, Jr., as defendant. Count one of the complaint alleged that Lauria died on October 22, 1987 and was survived by his wife and three heirs at law (the decedent's children), as well as by Sudnek, who were all named as beneficiaries in his will. It further alleged that Klein, as executor, owned one hundred percent of the stock of Lauria Excavating Company, Inc. ("the corporation") and that, at the time of Lauria's death, the value of the corporation's stock was $450,000, comprising eighty-eight percent of the value of Lauria's estate. It claimed that Klein, as executor, operated the business of the decedent without court authority and that the value of the corporation had been "substantially lost and wasted" since Lauria's death.

In count two, Sudnek claimed that Klein had violated R.C. 2109.37 by failing to properly invest and preserve the assets of the estate.

Sudnek sought a declaratory judgment declaring that Klein operated the corporation after Lauria's death without court authority, in violation of R.C. 2113.30, and was thus personally liable for alleged financial losses that occurred in the estate while under his control. She further sought a declaration that Klein was liable for losses to the estate attributable to the alleged violation of R.C. 2109.37.

Before Klein answered the complaint, he filed a motion pursuant to Civ.R. 12(B) to dismiss it. Klein contended, *inter alia,* that the court lacked jurisdiction over the matter in that neither R.C. 2113.30 nor 2109.37 *et seq.* is applicable. In reference to count one, Klein asserted that R.C. 2113.30 was irrelevant, "since it only applies to businesses being conducted by the decedent at his death in the sole proprietorship and not the corporate form." Regarding count two, Klein asserted that R.C. 2109.39 was irrelevant "because [Klein] did not invest in the shares of [the corporation and] the estate merely succeeded to those shares on the death of the decedent." Klein did not attach evidentiary material to his pleading.

Sudnek filed a memorandum in opposition to the motion to dismiss. She did not attach evidentiary material to the memorandum but asserted that the corporation was a closely held corporation in which the decedent had been the sole shareholder. She asserted that R.C. 2113.30 applied to corporations of this nature as well as to sole proprietorships. She reiterated her contention that Klein was strictly liable for any decrease in value of the corporation occurring during the administration of the decedent's estate, in that Klein had failed to obtain court authorization for continuing the business's operation pursuant to R.C. 2113.30.

Klein filed a memorandum in reply, which set forth an extensive statement of facts, but which was not supported by affidavits or other sworn statements. He asserted that the business had been operated by the decedent's adult sons for about one year before Lauria's death and that decedent was survived by his wife and three adult children and was living with Sudnek at the time of death.

Klein further asserted that, on the same day that Lauria executed his last will in which he bequeathed one hundred twenty-six shares of the stock of the corporation to Sudnek, the decedent also executed an agreement between the corporation, Sudnek, and decedent. Pursuant to the agreement, the corporation would purchase those same one hundred twenty-six shares from Sudnek within six months of Lauria's death for a price of $150,000. Klein attached a copy of this agreement to his brief but did not ask the court to convert his motion to one for summary judgment as authorized by Civ.R. 12(B).

Klein further argued that, at the time of Lauria's death, the estate did not have sufficient cash to pay debts, taxes, and the widow's election, necessitating redemption of two hundred five shares of the total two hundred fifty shares of the stock of the corporation. (Klein did not, however, indicate the identity of the purchaser.) In addition, he claimed that Sudnek had agreed to defer the sale of whatever was ultimately determined to be her share of the remaining stock and to allow the decedent's sons to continue operating the corporate business until the proper distribution of the remaining shares was resolved. He contended that, as executor, he had taken no part in operation of the business and had no access to corporate funds or assets. He further asserted that the stock of the corporation was not registered under either state or federal law and that no market existed for the stock even had he resolved to sell it.

The trial court granted executor Klein's motion to dismiss as to count one only, determining that R.C. 2113.30 applies only to sole proprietorships and not to corporations that have a single shareholder. Count two was also dismissed by the court upon Klein's motion after opening statements.

The court of appeals reversed the judgment in the executor's favor as to both counts of the complaint and remanded the cause.

The cause came before this court pursuant to the allowance of a discretionary appeal. The appellant has confined his arguments before us to issues concerning the court of appeals' reversal of the dismissal of count one of appellee's complaint. More specifically, appellant challenges the court of appeals' interpretation of R.C. 2113.30, including its determination that R.C. 2113.30 applies to estates where the decedent owned a majority interest of a closely held corporation as well as to sole proprietorships.

In count one of the complaint, Sudnek alleged that the executor violated R.C. 2113.30, which provides as follows:

"Except as otherwise directed by the decedent in his last will and testament, an executor or administrator may, without personal liability for losses incurred, continue the decedent's business during one month next following the date of the appointment of such executor or administrator, unless the probate court directs otherwise, and for such further time as the court may authorize on hearing and after notice to the surviving spouse and distributees. In either case no debts incurred or contracts entered into shall involve the estate beyond the assets used in such business immediately prior to the death of the decedent without the approval of the court first obtained. During the time the business is continued, the executor or administrator shall file monthly reports in the court, setting forth the receipts and expenses of the business for the preceding month and such other pertinent information as the court may require. The executor or administrator

may not bind the estate without court approval beyond the period during which the business is continued."

The weight of authority clearly supports the conclusion of the court of appeals that use of the term "the decedent's business" in R.C. 2113.30 renders the statute applicable both to corporations in which the decedent was the sole shareholder and to sole proprietorships. See Bogert & Bogert, Trusts and Trustees (2 Ed. Rev.1980) 303–304, Section 573 ("The power to authorize continuance [of the business] applies to sole proprietorships, and to cases of partnerships * * *. It also applies to the continuance of a business through complete or majority stock control of a corporation * * *."). See, also, *In re Estate of Kurkowski* (1979), 487 Pa. 295, 301, 409 A.2d 357, 360, fn. 2.

In my view, however, both parties have misinterpreted R.C. 2113.30 and inflated the importance in this case of the question whether R.C. 2113.30 applies to both closely held corporations and sole proprietorships. The statute does not impose a duty whose breach would require strict liability. Rather, the statute provides an executor a means of obtaining authority to continue a decedent's business, which authority is not recognized under the common law in the absence of a specific grant in the will or the consent of all heirs and devisees. It further provides immunity to an executor who acts in conformance with the statute in continuing a decedent's business. That this is so is evident from the language of the statute, which provides that "an executor or administrator *may, without personal liability for losses incurred, continue the decedent's business*" pursuant to the statutory conditions which follow. (Emphasis added.) Accordingly, an executor who in fact continues a decedent's business after one month from the date of appointment as executor, without obtaining the sanction of the probate court pursuant to R.C. 2113.30, does so at his peril, should losses to the business be incurred.

Assuming, *arguendo*, that the factual assertions made by Sudnek in her complaint are true, liability for the depreciation in value of the corporation's stock, if any, during the years following Lauria's death has its origins in the common law. Thus, the "rule appears to be well established that a decedent's personal representative who, without testamentary authorization or the consent of all the persons interested, carries on his decedent's nonpartnership mercantile or manufacturing business except for the purpose of efficiently disposing of the assets is liable, as for a breach of trust, for any resultant losses." Annotation, Liability of Personal Representative for Losses Incurred in Carrying On, Without Testamentary Authorization, Decedent's Nonpartnership Mercantile or Manufacturing Business (1958), 58 A.L.R.2d 365, 366. See, also, 33 Ohio Jurisprudence 3d (1997), Decedents' Estates, Section 1410 *et seq.; Poindexter v. First Natl. Bank of Winston–Salem* (1956), 244 N.C. 191, 92 S.E.2d 773. R.C. 2113.30 does not

supplant this common-law rule. Rather, as correctly stated by the court of appeals, R.C. 2113.30 "simply provides the probate court with a method of protecting the interests of the heirs, while at the same time *providing immunity* for the executor *who abides by the terms of the statute.*" (Emphasis added.)

Both parties agree that the executor failed to seek an order from the probate court pursuant to R.C. 2113.30 authorizing continuation of the business of the corporation by executor Klein after one month from the date of his appointment. The parties similarly agree that Lauria's will did not specifically grant the executor power to continue operating the business of the corporation after Lauria's death.

Klein denies, however, as a factual matter, that he himself "continued" the business while serving as executor of the Lauria estate. He further asserts that Sudnek acquiesced to continued operation of the business by Lauria's adult children, thereby implying that Sudnek did not demand either sale of the corporation as a going concern or liquidation of the business. Whether these factual contentions are true is dependent upon evidence. The trial court had no evidence before it at the time it partially granted Klein's Civ. R. 12(B) motion and dismissed count one of the complaint.

Irrespective of whether Klein was involved in decisionmaking as to the operation of the corporation or whether Sudnek consented to its continued operation, Sudnek's contention that Klein "violated" R.C. 2113.30 is misplaced, in that the statute does not impose a duty upon an executor who does not seek to obtain its benefits. Klein's liability, if any, is based not upon violation of statutory duty but upon the common-law doctrine of breach of fiduciary trust, in that Klein may have exceeded the scope of his authority as executor or failed to expeditiously liquidate the estate.

I believe that count one of Sudnek's complaint, construed broadly, did state a claim of breach of trust on the part of the executor sufficient to overcome Klein's motion to dismiss and that Klein's motion to dismiss the complaint, asserting lack of jurisdiction based on inapplicability of R.C. 2113.30, lacked merit. I therefore would affirm the judgment of the court of appeals insofar as it remanded count one of the complaint for further proceedings.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.