MRS. NANCY M. HOYLE v. D. J. CARTER AND JULIUS C. HUBBARD.

(Filed 1 February, 1939.)

**1. Corporations § 10—**

A cause of action for alleged dissipation of the assets of a corporation by wrongfully or unlawfully causing the corporation to execute a chattel mortgage on its assets, accrues to the corporation, and ordinarily a stockholder may not maintain the action against the alleged tort-feasor.

**2. Bills and Notes § 22: Pleadings § 10—Makers may not set up defense that notes were given for stock which was made worthless by prior wrongful act of payee in causing corporation to execute chattel mortgage.**

In this action on two notes executed by defendants, defendants set up the defense that the notes were without consideration in that they were given in payment of stock of a corporation, which stock was made worthless by the wrongful act of the plaintiff in causing the corporation to execute to plaintiff and her husband a chattel mortgage on its assets. It appeared that the corporation executed the chattel mortgage some three months prior to the execution of the notes by defendants. *Held:* Defendants' alleged cause of action in tort did not arise out of the same transaction as the contract sued on by plaintiff, and the alleged cause in tort accrued to the corporation and not to defendants as stockholders, and defendants' defense to the action on the notes was properly stricken from the answer, there being no mutuality of subject matter or of parties to support the alleged counterclaim.

APPEAL by defendants from *Phillips, J.,* at May Term, 1938, of ASHE. No error.

*Bowie & Bowie for plaintiff, appellee.*
*Chas. G. Gilreath and Trivette & Holshouser for defendants, appellants.*

SCHENCK, J. This is an action on two notes for $250.00 each, executed and delivered by the defendants to the plaintiff. The defendants admit the execution and delivery of the notes, that they are past due and have not been paid, but set up as a further defense and counterclaim that the notes in suit were given to the plaintiff in payment for certain

HOYLE *v.* CARTER.

stock in "The Wilkes News," a corporation, and that the plaintiff fraudulently and unlawfully caused the execution of a chattel mortgage in the sum of $2,091.40 to herself and her husband on all the property of said corporation, for the purpose of dissipating the assets and destroying the value of the stock of said corporation, and did thereby destroy the value of the stock purchased by them for which the notes in suit were given, and rendered said notes void for want of consideration.

The plaintiff moved to strike from the answer the further defense and counterclaim, which motion was allowed, and defendants reserved exception. This exception is the only one discussed in the appellants' brief and we see no error therein.

If the plaintiff fraudulently or unlawfully executed or caused the corporation to execute a chattel mortgage to herself and her husband upon the corporate property and thereby destroyed the value of the stock of the corporation, no cause of action was given to the individual stockholders against the plaintiff. Any cause of action that may have arisen therefrom arose in favor of the corporation.

"In the nature of the matter it would contravene every principle of intelligent procedure, be impractical and absurd to allow ordinarily one or more of the stockholders of a corporation to bring actions to recover property, or the value of it, that belongs to it, or to recover damages for injuries to it, or its property, or to collect debts due to it. Such actions imply corporate disorganization and the absence of corporate integrity and entity." *Moore v. Mining Co.*, 104 N. C., 534, 542.

"Unless a defendant has some matter existing in his favor and against the plaintiff on which he can maintain an independent action, such claim would not be a counterclaim." *Askew v. Koonce*, 118 N. C., 526, 532.

The delivery of the notes in suit for the stock was not connected with the alleged wrongful and unlawful action of the plaintiff in executing or causing the corporation to execute a chattel mortgage on its property, since the former is alleged to have been done on 2 April, 1935, and the latter on 8 July, 1935. The delivery of the notes for the stock was a transaction between the plaintiff and the defendants individually, and execution of the mortgage was a transaction between the plaintiff and the corporation. There was no mutuality of subject matter or of parties in the two transactions. "Where the debts are not due to and from the same persons in the same capacity the right of set-off does not exist." *In re Bank*, 205 N. C., 333, 335. A demurrer to a counterclaim sounding in tort not arising out of the contract sued upon, and not connected with the same subject matter, is properly sustained under C. S., 521. *Weiner v. Style Shop*, 210 N. C., 705.

In the trial we find

No error.