PER CURIAM. This action was commenced by summons issued August 12, 1958. (In *Lumber Co. v. Whitford*, 242 N.C. 730, 89 S.E. 2d 382, this Court passed upon the sufficiency of the complaint in a prior action between the same parties relating to the same lands.)

While different parties defendant and different lands are involved, plaintiff's appeal presents the questions decided in *Lumber Co. v. Pamlico County, ante,* 681, filed simultaneously herewith. On authority thereof, the portion of the judgment sustaining the demurrers is affirmed, but the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.

HIGGINS, J., not sitting.

---

EAST CAROLINA LUMBER COMPANY, INCORPORATED v. IRA E. WHITFORD AND WIFE, SUSAN WHITFORD; A. L. WHITFORD AND WIFE, LUCILLE WHITFORD; B. O. JONES, TRUSTEE, CRAVEN COUNTY, A BODY POLITIC AND CORPORATE; T. D. WARREN, JR., RECEIVER, AND BATES LUMBER COMPANY, INC.

(Filed 23 September, 1959.)

APPEAL by plaintiff from *Stevens, J.,* February Term, 1959, of CRAVEN.

Civil action to remove alleged clouds from title to real estate and to recover damages for trespass. Demurrers to amended complaint were sustained and the action dismissed. Plaintiff excepted and appealed.

*Hugh L. Willcox, Royce C. McClelland and Jones, Reed & Griffin for plaintiff, appellant.*

*Barden, Stith & McCotter, Ward & Tucker, Rodman & Rodman, Norman & Rodman, Thorp, Spruill, Thorp & Trotter, R. A. Nunn, B. B. Hollowell and R. E. Whitehurst for defendants, appellees.*

PER CURIAM. This action was commenced by summons issued August 12, 1958.

While different parties defendant and different lands are involved, plaintiff's appeal presents the questions decided in *Lumber Co. v. Pamlico County, ante,* 681, filed simultaneously herewith. On authority thereof, the portion of the judgment sustaining the demurrers is affirmed, but the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.

HIGGINS, J., not sitting.