KIRBY S. PARRISH, E. H. (HARVEY) PARRISH, FRED O. PARRISH,
J. W. PARRISH, JAKE S. PARRISH, BENJAMIN F. PARRISH, RA-
CHEL P. CROWDER, PENNINAH P. DUKE AND MAMIE W. GRIFFIN
v. CHARLES BRANTLEY, LIZZIE W. BRANTLEY, LILLIAN J. WOOD
AND LILLIAN J. WOOD, ADMX. OF ESTATE OF B. F. WOOD, DECEASED,
AND MARYLAND CASUALTY COMPANY, A CORPORATION.

(Filed 21 March, 1962.)

**1. Pleadings § 12—**

A demurrer requires the court to pass on the legal sufficiency of a
challenged pleading.

**2. Pleadings § 19—**

If the facts alleged in a complaint constitute a defective statement of a
good cause of action, demurrer to the complaint should be sustained but
plaintiff should be granted leave to amend. G.S. 1-131.

**3. Same—**

If the facts alleged in the complaint disclose that plaintiff does not have
a cause of action, demurrer thereto should be sustained and the action
dismissed.

**4. Executors and Administrators § 35—**

Distributees may not maintain an action against the administratrix and
the surety on her bond to recover for alleged mismanagement of the
assets of the estate when it is alleged that the personal assets of the
estate were insufficient to pay debts and costs of administration and there
is no allegation that by proper management the personal estate would
have been sufficient to provide funds for distribution, since the distributees
are entitled to share in the estate only in assets remaining after pay-
ment of all debts.

**5. Corporations § 5—**

Distributees of a deceased stockholder may not maintain an action
against the officers of the corporation for mismanagement of the corpo-
ration resulting in the bankruptcy of the corporation and the worthless-
ness of the stock constituting a part of the assets of the estate when
neither the trustee in bankruptcy nor the corporation is a party and there
is no allegation of demand upon and refusal of the corporation or the
trustee in bankruptcy to institute the action.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Clark, S.J.,* December 1961 Civil Term,
NASH Superior Court.

In this civil action the plaintiffs seek to recover the sum of $69,-
314.50 and interest from February 20, 1951. They allege, as best we
are able to unravel the complaint, the following: They are the next
of kin and heirs at law of B. F. Wood who died intestate on February
20, 1951, without lineal descendants. His widow, the defendant Lillian

J. Wood, qualified as administratrix of the estate. The defendant Maryland Casualty Company became surety on her bond. The assets of the estate at Mr. Wood's death consisted, in part, of six shares of "A" (voting) stock and 300 shares of "B" (nonvoting) stock in Brantley-Wood & Company, a North Carolina corporation; that the actual value of the intestate's interest in the corporation was $69,314.50. Three shares of the "A" stock were awarded to the widow as her year's allowance.

Here are quoted three paragraphs from the plaintiffs' complaint:

"5. That the personal assets of the estate of said decedent were insufficient to provide the widow's year's support and to pay debts of the estate, taxes and costs of administration.

"8. That the personal assets have been exhausted and that Lillian J. Wood, widow of said decedent, will not be entitled to any amount which may be recovered by reason of this litigation.

"12. That on the 5th day of March, 1951, 13 days after the date of the death of the said decedent, the defendants, Charles Brantley, Lizzie W. Brantley and Lillian J. Wood, conspired, agreed and consented together to have three shares of Class 'A' voting stock in said corporation, a part of the stock owned by the estate of said decedent, transferred to the said Lillian J. Wood to the end that she might become a stockholder, director and officer in the said corporation."

The plaintiffs allege further that Lillian J. Wood was elected a director and officer in Brantley-Wood & Company and that she, Charles Brantley, and Lizzie W. Brantley, as directors, by all sorts of mismanagement, including speculation in cotton futures, wrecked the corporation. ". . . the stock in said corporation became worthless (the corporation) . . . was thereafter adjudged a bankrupt and there was no equity for stockholders. . . ."

The plaintiffs demanded judgment for the $69,314.50, the value of the intestate's stock in Brantley-Wood & Company, and its debentures due him at the date of his death.

The defendants filed separate demurrers upon the grounds (1) the complaint fails to allege facts sufficient to state a cause of action and (2) misjoinder of parties and alleged causes.

The court entered judgment sustaining the demurrers. The plaintiffs appealed.

*L. L. Davenport for plaintiffs appellants.*

*Fields & Cooper, By Milton P. Fields for defendants Charles Brantley and Lizzie W. Brantley, appellees.*

PARRISH *v.* BRANTLEY.

*O. B. Moss, and Gardner, Connor & Lee for defendant Wood, appellee.*

*Battle, Winslow, Merrell, Scott & Wiley, By Francis E. Winslow for defendant Maryland Casualty Company, appellee.*

HIGGINS, J.   The demurrers challenge the complaint upon two grounds: (1) Failure to allege facts sufficient to constitute a cause of action; and (2) misjoinder of parties and causes. The Court passes on a demurrer as a matter of law. If the facts alleged in a complaint constitute a defective statement of a good cause of action, judgment is entered sustaining the demurrer but permitting the plaintiff to amend. G.S. 1-131. *Lumber Co. v. Pamlico County,* 250 N.C. 686, 110 S.E. 2d 282. However, if the complaint shows the plaintiff does not have a cause of action, that is, the cause he attempts to allege is fatally defective, judgment is entered sustaining the demurrer and dismissing the action. *Perrell v. Service Co.,* 248 N.C. 153, 102 S.E. 2d 785; *Adams v. College,* 247 N.C. 648, 101 S.E. 2d 809.

The plaintiffs claim the right to maintain this action as the next of kin and distributees of B. F. Wood who died intestate in 1951. The defendants are: Lillian Wood, widow and administratrix of her husband's estate, Maryland Casualty Company, her bondsman, Charles Brantley, and Lizzie W. Brantley. The plaintiffs allege that Mr. Wood and the Brantleys were the directors and owners of the stock in Brantley-Wood & Company, a North Carolina corporation; that the stock owned by Mr. Wood and the debentures which he held in the corporation were worth the sum of $69,314.50 at the time of his death.

The plaintiffs allege the administratrix and the Brantleys conspired to have three shares of voting stock in Brantley-Wood & Company transferred to Lillian J. Wood "to the end that she might become a stockholder, director and officer of the corporation." They further allege that Mrs. Wood and the Brantleys, by many specifically charged acts of mismanagement, including gambling in cotton futures, wrecked the corporation, causing it to be adjudged a bankrupt, and the stock to become worthless. This action is to recover what the plaintiffs allege was the value of the Wood interests in the corporation as of his death, and interest from that date.

The plaintiffs do not claim any right to recover what actually was, or what by proper management should have been, their distributive shares in the Wood estate. In fact, as shown by allegations 5 and 8 of the complaint, the Wood estate was insolvent. There were no personal assets to distribute. Hence the complaint neither states nor attempts to state a cause of action against the administratrix or her bondsman for failure to pay distributive shares. "Courts are not open to 'parties'

who have no interest to preserve." *Utilities Com. v. Kinston,* 221 N.C. 359, 20 S.E. 2d 322. Nor do plaintiffs allege that by proper management on the part of the administratrix the personal estate would have been sufficient to provide any personal assets for distribution to the next of kin. See *Poindexter v. Bank,* 244 N.C. 191, 92 S.E. 2d 773.

Realizing their inability to show a net estate for distribution, the plaintiffs base their claim of loss exclusively on the directors' mismanagement of the corporation. The amount claimed is the value of the Wood interest in the corporation at the date of the intestate's death. So much appears in the complaint itself. By way of further confirmation, the plaintiffs' brief states: "This action is brought by plaintiffs to recover judgment for damages alleged to have resulted from the defendants' mismanagement, dereliction and maladministration of the affairs of Brantley-Wood & Company, a corporation." May the distributees of a decedent who owned stock maintain an action against the officers of that corporation for mismanagement?

Ordinarily, the right to sue officers of a corporation for mismanagement is in the corporation. Relief must be sought through the corporation or in an action to which it is a party. In the absence of allegation that the action by the corporation has been demanded and refused, a demurrer must be sustained dismissing the action. *Jordan v. Hartness,* 230 N.C. 718, 55 S.E. 2d 484. Recovery can be had in behalf of the corporation only. *Hill v. Erwin Mills,* 239 N.C. 437, 80 S.E. 2d 358; *Hawes v. Oakland,* 104 U.S. 450, 26 L.ed. 827; *Hoyle v. Carter,* 215 N.C. 90, 1 S.E. 2d 93; Strong's N.C. Index, Vol. 1, "Corporations," § 5, p. 611. Under certain limited circumstances, minor stockholders may sue for mismanagement but the corporation must be a party. *Fulton v. Wright,* 255 N.C. 185, 120 S.E. 2d 412. When the corporation is in bankruptcy, the trustee must bring the action, or must be a party. Remington on Bankruptcy, § 1206; *Bynum v. Scott,* 217 Fed. 122; *Stephan v. Merchants Collateral Corp.,* 256 N.Y. 418, 176 N.E. 824. The foregoing applies to the rights of stockholders. Conceivably the personal representative may represent a deceased stockholder. However, the next of kin after death, and stockholders after dissolution by bankruptcy or otherwise, share only after debts are paid. Allegations that the estate is insolvent and the corporation is bankrupt affirmatively show the disqualification of plaintiffs to maintain this action. Consequently, if the plaintiffs offered plenary proof of all they allege, the effect would be to prove themselves out of court. *Skinner v. Transformadora,* 252 N.C. 320, 113 S.E. 2d 717; *In re Davis,* 248 N.C. 423, 103 S.E. 2d 503; *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774; *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910.

CARTER *v.* R. R.

Having concluded the plaintiffs' alleged cause of action is inherently defective, we do not reach the question of misjoinder. The judgment of the Superior Court of Nash County is

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.