ESSIE SELLERS v. JOHNIE W. VEREEN T/A VEREEN'S RED & WHITE FOOD STORE.

(Filed 11 May, 1966.)

**1. Negligence § 37b—**

A proprietor is not under duty to warn an invitee of risks which are obvious.

**2. Same—**

A proprietor owes an invitee the legal duty to maintain the aisles and passageways of its place of business in such condition as a reasonably careful and prudent person would deem sufficient to protect patrons from danger while exercising ordinary care for their own safety.

**3. Negligence § 37f—**

Evidence tending to show that plaintiff customer, in attempting to sit in a light lawn chair in the aisle of defendant's store, placed her hands

on the arms of the chair and was pressing down on the arms preparatory to sitting in the chair when it slipped from under her, causing personal injury, *held* insufficient to be submitted to the jury on the issue of negligence.

MOORE, J., not sitting.

APPEAL by plaintiff from *Mallard, J.,* December 1965 Session of BRUNSWICK.

Plaintiff instituted this civil action to recover damages for personal injuries she sustained May 20, 1961, about 2:00 p.m., when she, a customer in defendant's food store, fell while attempting to sit down in a chair.

Plaintiff alleged and defendant admitted: The concrete floor of the store was covered with smooth tile. The chair was "an aluminum lawn-type chair which did not have any 'legs' as such but which was supported by half-circle aluminum hollow tubes extending from underneath the arm rests on either side of said chair down to the floor and back under said chair."

Plaintiff alleged in gist that defendant negligently placed or permitted the chair in the customer area of his store, without giving warning of its inherent dangers and without securing it to the floor, and that defendant knew, or by the exercise of reasonable care should have known, that the chair would cause, or be likely to cause, injury to plaintiff or other customers of the store.

Plaintiff and her doctor were the only witnesses.

Plaintiff's testimony is summarized, except when quoted, as follows:

She saw the chair when she and her husband entered the store. Later, while her husband was "at the meat counter," she came back to the chair. While lawn-type chairs were on display across the front outside the building, "(t)here was just one chair sitting there in the aisle . . ." Plaintiff testified: "There was nothing around the chair. It was sitting at the end of this counter, kind of off at the end of the counter. It was by itself." The chair was from eight to twelve feet from "the check-out place" where defendant as cashier was checking out customers.

The chair "was made out of plastic material, the type people use for lawn or porch chairs." The metal was "a light material." She "did not notice anything unusual about the chair other than it looked like one of those lawn-type chairs." She "didn't see anything wrong with the floor when (she) looked at it." It was "just a tile floor with plastic squares." She "did not have any trouble walking on the floor and if it was slick (she) never noticed it."

As to what occurred when she attempted to sit down in the chair, plaintiff testified: "I walked up to the chair and then backed up to it. I put my hands on the arm rests and the chair popped out from under me and I hit the floor." Again: "I walked up to the chair and turned around to it and put my hands on the arms of the chair . . . I did not touch the chair with anything but my hands. As I was assuming a sitting position I pressed down on the arms of the chair. I was just pressing straight down like you would and it just popped right out from under me. There was no other part of my body touching the chair at that time other than my hands."

At the conclusion of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Herring, Walton, Parker & Powell for plaintiff appellant.*
*Frink & Prevatte for defendant appellee.*

PER CURIAM. There is no evidence (or allegation) that the chair was defective or that the lighting was insufficient. Nor is there evidence the floor in the vicinity of this chair or elsewhere was in an unsafe condition.

There is no evidence of hidden defects or dangers. All the evidence tends to show it was obvious the chair was a light, lawn-type chair, and that plaintiff was fully aware of this fact. A failure to warn of risks of which a person has knowledge is without significance. *Petty v. Print Works,* 243 N.C. 292, 304, 90 S.E. 2d 717. "Defendant owed plaintiff, as invitee, the legal duty to maintain the aisles and passageways of its place of business in such condition as a reasonably careful and prudent proprietor would deem sufficient to protect patrons from danger while exercising ordinary care for their own safety." *Harrison v. Williams,* 260 N.C. 392, 395, 132 S.E. 2d 869, and cases cited.

In our opinion, the evidence, when considered in the light most favorable to plaintiff, was insufficient to warrant submission of an issue to the jury as to the alleged actionable negligence of defendant. Accordingly, the judgment of involuntary nonsuit is affirmed.

Affirmed.

MOORE, J., not sitting.