LOUIS G. FLORES v. HARRY B. CALDWELL, JR.

No. 7218SC97

(Filed 29 March 1972)

1. Aviation § 4; Negligence § 5— airplane painter — injury when propeller revolved — negligence

In an action to recover for personal injuries sustained by plaintiff, a regular automobile painter hired to paint defendant's airplane, when the propeller of the airplane revolved suddenly as plaintiff moved it in order to spray paint behind it, plaintiff's evidence was sufficient for submission to the jury on the issue of defendant's negligence where it would support jury findings that (1) defendant was aware that the propeller, if turned, could backfire or kick even though the ignition were off, (2) plaintiff did not know and should not have known that the propeller might kick or backfire if turned, and defendant could not reasonably assume that plaintiff possessed such knowledge, (3) defendant could and should have foreseen that plaintiff, unless warned not to do so, would move the propeller to facilitate his task of painting the aircraft and would be exposed to injury, and (4) defendant failed to warn plaintiff that it was dangerous to move the propeller.

2. Aviation § 4; Negligence § 5— airplane painter — injury when propeller revolved — contributory negligence

In an action to recover for personal injuries sustained by plaintiff when the propeller of defendant's airplane revolved suddenly as plaintiff moved it in order to spray paint behind it, plaintiff's evidence

did not disclose that plaintiff was contributorily negligent as a matter of law in moving the propeller where the jury could legitimately find that plaintiff was unfamiliar with the danger arising from moving the propeller, and that his act of moving it in order to paint behind it was not an unreasonable act.

**3. Pleadings § 32; Rules of Civil Procedure § 15— motion to amend complaint**

    The motion for leave to file an amended complaint is addressed to the discretion of the trial court.

APPEAL by plaintiff from *McConnell, Judge,* 23 August 1971 Civil Session of Superior Court held in GUILFORD County.

Civil action to recover for personal injuries sustained by plaintiff on 12 October 1969 when he was struck in the leg by the propeller of defendant's 1950 Beechcraft airplane. The accident occurred when the aircraft's propeller revolved suddenly as plaintiff moved it in order to spray paint behind it. Plaintiff, who was regularly employed as a painter for an automobile body shop, was painting the plane on a weekend under an agreement with defendant.

At the conclusion of plaintiff's evidence defendant moved for a directed verdict, asserting that the evidence was insufficient to show actionable negligence on the part of defendant and that plaintiff's own evidence established his contributory negligence as a matter of law. An order was entered allowing the motion but the grounds upon which the motion was allowed were not specified.

*Robert A. Merritt for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

GRAHAM, Judge.

One of plaintiff's theories of recovery is that defendant failed to furnish him a safe place to work in that the airplane's ignition system was faulty and the airplane was defective in other respects.

No evidence was introduced in support of this theory. All of the evidence tended to show that the switch was off, the throttle was closed, and that reasonable steps had been taken to secure the aircraft. Defendant, who testified as an adverse

witness for plaintiff, attributed the action of the propeller to compression which had built up in certain cylinders. He stated that when the propeller was moved it "kicked, or backfired," "like an old Model T used to do in cranking it. . . . " Defendant further stated that the fact the propeller "kicked" did not mean the plane was defective. "It could still kick on compression just like—maybe you have seen a milk bottle top after it sits a day or so it will pop off, and this is just from compression building up. You still have the pressure built up on certain cylinders. In a six cylinder engine, it could be halfway compressed and you could have two or three cylinders under compression at one time."

Another theory asserted by plaintiff is that defendant knew that it was dangerous to move the propeller, even with the plane's switch and throttle off, and that defendant failed to give plaintiff any warning of this danger.

[1]  Plaintiff testified that no warning was given. Defendant testified to the contrary. In deciding whether the evidence was sufficient to withstand defendant's motion for a directed verdict we must accept plaintiff's testimony as true. *Dawson v. Jennette*, 278 N.C. 438, 180 S.E. 2d 121; *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47. Therefore, the issue narrows to a question of whether, under the evidence presented, defendant was under a duty to warn plaintiff concerning the danger involved in moving the propeller.

An airplane propeller that revolves suddenly and unexpectedly unquestionably presents a hazard to a person standing near it. Defendant had employed plaintiff to paint the aircraft. If defendant knew, or, in the exercise of due care, should have known, that the propeller would likely "fire" or "kick" if moved, and if he should have reasonably foreseen that plaintiff would likely move the propeller during the course of his work, defendant should have warned plaintiff of the danger involved. "He who puts a thing in charge of another which he knows, or in the exercise of ordinary prudence he should have known, to be dangerous, or to possess characteristics which, in the ordinary course of events, are likely to produce injury, owes a duty to such person to give reasonable warning or notice of such danger." *Honeycutt v. Bryan*, 240 N.C. 238, 241, 81 S.E. 2d 653, 655; *Stroud v. Transportation Co.*, 215 N.C. 726, 3 S.E. 2d 297.

Flores v. Caldwell

We find the evidence sufficient to support an inference that defendant was aware that the propeller, if turned, could "backfire" or "kick," even though the plane's ignition was off and the throttle was closed. Defendant had been a licensed pilot since 1954 and had "worked on planes" over the years. His testimony demonstrated a familiarity with the propensities of airplane engines and their propellers. Indeed, defendant's position is that he did warn plaintiff not to mess with the propeller. He stated: "I asked him not to mess with the propeller, that I would take care of masking it off. . . . That was indicating for him not to move it or bother it in any way, that I would handle that particular part of it."

Defendant strenuously contends that the danger of moving the propeller should have been obvious to plaintiff. Defendant testified: "I did not go into the danger of moving it. That is obvious." If plaintiff was aware, or should have been aware of the danger involved in moving the propeller, defendant had no duty to warn him of that danger. "When a person has knowledge of a dangerous condition, a failure to warn him of what he already knows is without significance." *Jones v. Aircraft Co.*, 253 N.C. 482, 491, 117 S.E. 2d 496, 503. See also *Sellers v. Vereen*, 267 N.C. 307, 148 S.E. 2d 98; *Spell v. Contractors*, 261 N.C. 589, 135 S.E. 2d 544.

We are of the opinion that the evidence here, when considered in the light most favorable to plaintiff, does not establish, as a matter of law, that plaintiff knew, or should have known, that the aircraft propeller might kick or backfire if turned; nor does it show that defendant could reasonably assume that plaintiff possessed this knowledge. Defendant contends that the danger involved in moving the propeller of an airplane, even with the switch off, is common knowledge. While this fact may be well known to those who are knowledgeable about airplanes, we think it unreasonable to assume that it is also known by those who are not. Plaintiff was experienced in painting cars but his contact with airplanes had been minimal. He testified that he had no knowledge of the workings of airplane engines. He had attempted to paint an airplane on one previous occasion but had abandoned this job before finishing it. He stated that he advised defendant of this lack of experience. Defendant testified that plaintiff told him he had been in the paratroopers, "but he told me also that all he did was just

jump, it didn't have anything to do with the operation of the plane."

We are of the further opinion that plaintiff's evidence is sufficient to raise a jury question on the element of foreseeability. Foreseeable injury is a requisite of proximate cause, which is, in turn, a requisite for actionable negligence. *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24; *Osborne v. Coal Co.*, 207 N.C. 545, 177 S.E. 796.

Plaintiff testified that it was necessary for him to move the propeller in order to spray paint behind it. Defendant would not concede that this was necessary but he did agree that it would be more convenient. Plaintiff indicated that on the day before the accident he had moved the propeller "a little bit" and sprayed behind it. On the day of the accident, he twice again moved the propeller slightly for the same purpose. The last occasion is when it "went off, fired off" and struck plaintiff on the ankle. Defendant was present on each occasion that plaintiff moved the propeller and, according to plaintiff, uttered no words of caution.

We think the jury could legitimately infer from this evidence that, in the exercise of ordinary prudence, defendant could and should have foreseen that plaintiff, unless warned not to do so, would move the propeller in order to facilitate his task of painting the aircraft, and that in doing so plaintiff would be exposed to injury.

[2] Finally, we consider whether the evidence so clearly establishes plaintiff's contributory negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom. When opposing inferences are permissible from plaintiff's evidence, a motion for a directed verdict on the grounds of contributory negligence as a matter of law should be denied. *Bowen v. Gardner, supra.* The jury could infer from the evidence that plaintiff knew, or should have known, of the danger involved in moving the airplane propeller and that he nevertheless assumed this risk. On the other hand, we think the jury could legitimately find that plaintiff was unfamiliar with the danger arising from moving the propeller, and that his act of moving it in order to paint behind it was not an unreasonable act. Under these circumstances, the question of whether plaintiff was guilty of contributory negli-

gence, and if so, whether his negligence was a proximate cause of his injury, is a question for jury determination.

We conclude that the evidence, when considered in the light most favorable to plaintiff, is sufficient to withstand a motion by defendant for a directed verdict and the judgment must be reversed.

[3] We have also reviewed plaintiff's exceptions to several interlocutory orders allowing motions by defendant to strike portions of the complaint. The allegations stricken were immaterial and irrelevant to the lawsuit and were properly stricken. Plaintiff also complains that the court refused him permission to amend after the allegations were stricken. The motion for leave to file an amended complaint was addressed to the discretion of the trial court. *Gifts, Inc. v. Duncan,* 9 N.C. App. 653, 177 S.E. 2d 428; G.S. 1A-1, Rule 15(a). No abuse of discretion has been shown.

Reversed.

Judges CAMPBELL and BRITT concur.