THOMAS E. MILLER v. RUTH'S OF NORTH CAROLINA, INC., RUTH'S OF SOUTH CAROLINA, INC., B & H FOODS, INC., B & H, INC. OF CHESTER, FRANCES JUNE GRIFFIN, AND ROBERT GRIFFIN

No. 8326SC28

(Filed 17 April 1984)

**Corporations § 6— action by minority shareholder against corporate defendants and other shareholders—no error in failure to award attorneys' fees**

Plaintiff failed to show an abuse of discretion in a trial court's denial of his motion for attorneys' fees under G.S. 55-55(d), dealing with shareholder derivative actions, where plaintiff requested "appointment of a receiver in accordance with G.S. 55-127 to effect the liquidation and involuntary dissolution" of one of the defendant corporations of which plaintiff was a minority shareholder and where "as an alternative to dissolution and liquidation" he asked for the purchase of his shares.

Judge ARNOLD concurring in the result.

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 19 October 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 December 1983.

At the formation of the Ruth's corporations in 1964, plaintiff received 20 percent of the issued shares of the capital stock. In 1972, defendant Frances June Griffin inherited 60 percent of the issued and outstanding shares of the capital stock of the Ruth's corporations and controlling interest of the shares of the two B & H Foods corporations from her deceased husband, plaintiff's brother. She later increased her interest in the Ruth's corporations to 80 percent. In 1974, Frances June Griffin married defendant Robert Griffin. She later appointed him chairman of the board of the two Ruth's corporations and of the two B & H Foods corporations.

On 6 December 1976, plaintiff instituted this action, alleging acts of mismanagement and oppression by the Griffin defendants, resulting in damage to the Ruth's corporations, of which he retained a 20 percent interest, as well as damage to plaintiff individually. Extensive discovery and trademark litigation followed. The cause came on for trial in 1982; the court found that plaintiff's right as a minority shareholder had in fact been violated and ordered the repurchase by the Ruth's corporations of plaintiff's shares at fair market value, which was to be determined by a referee appointed by the court. Based on the referee's findings, the court awarded plaintiff a total of $416,503.05. Plaintiff's request for attorneys' fees was denied, however, and is the subject of this appeal.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Debra L. Foster, for plaintiff appellant.*

*Fairley, Hamrick, Monteith and Cobb, by F. Lane Williamson and Dean Hamrick, for defendant appellees.*

JOHNSON, Judge.

Plaintiff contends that the court erred in denying his request for attorneys' fees under G.S. 55-55(d), which provides that a court "may award" a successful plaintiff in a shareholders' derivative action "the reasonable expenses of maintaining the action, including reasonable attorneys' fees. . . ."

However, since this was not a shareholders' derivative action, we need not reach the arguments presented by plaintiff concerning the court's exercise of discretion. In his original complaint, plaintiff did allege damage to the corporations and unsuccessful efforts to obtain relief within the corporation, as required to maintain a derivative action. G.S. 55-55(a), (b). However, plaintiff did not allege that he was bringing the suit as a derivative action. More importantly, plaintiff apparently realized that as the dissenting shareholder of two shareholders, relief on behalf of the corporations would be futile. Accordingly, plaintiff did not ask for any relief on behalf of Ruth's. Instead, he requested "appointment of a receiver in accordance with G.S. 55-127 to effect the liquidation and involuntary dissolution" of the Ruth's corporate defendants. Plaintiff prayed for an accounting and recovery by the receiver of amounts for which the other defendants might be liable. As "an alternative to dissolution and liquidation" he asked for the forced purchase of his shares.

Four years later, after extensive discovery litigation, plaintiff moved to amend his complaint. He sought in essence to reallege his case in two claims, one derivatively as a shareholder and one in his individual capacity. He requested extensive relief on behalf of Ruth's, as well as again asking for individual relief. The court denied the motion,[1] although it allowed plaintiff to file a supplemental complaint alleging new matters. Plaintiff then moved for leave to file such a complaint, patterned after his motion to amend. Again, the court denied his motion.[2] Apparently the nature of the case came up again when it was called for trial: the court issued an order, noting plaintiff's contention that this was a derivative action, but ruling that only the issues of appointment of a receiver or alternative equitable relief were before it. The court was the finder of the fact and ruled in plaintiff's favor, citing its authority under the dissolution statutes, G.S. 55-125, G.S. 55-125.1. The court subsequently denied plaintiff's motion for attorneys' fees under G.S. 55-55(d).

---

1. Plaintiff does not assign error to this ruling on this appeal. Even if he had, we do not believe that it amounted to an abuse of discretion. *See Flores v. Caldwell,* 14 N.C. App. 144, 187 S.E. 2d 377 (1972). Nor is there any indication that plaintiff was unjustly deprived of any right to relief by the court's order.

2. See note 1, *supra.*

Undaunted by these contrary rulings, plaintiff contends that this was nevertheless a derivative action. He relies on a single sentence in the court's order to the effect that his action sought redress for injury to the corporations and not just injury to himself. Under *Hoyle v. Carter*, 215 N.C. 90, 1 S.E. 2d 93 (1939), he argues, such an action to protect the value of stock and to preserve assets is maintainable solely in the right of the corporation and is not maintainable in the right of the individual shareholder. Plaintiff overlooks the subsequent enactment of G.S. 55-125 which authorizes such relief in actions by individual shareholders. Furthermore, there is also authority for individual actions by minority shareholders where the corporation is "so dominated and controlled by a wrongdoer as to be powerless to act." *Fulton v. Talbert*, 255 N.C. 183, 185, 120 S.E. 2d 410, 412 (1961); *see also Parrish v. Brantley*, 256 N.C. 541, 124 S.E. 2d 533 (1962).[3] Certainly this condition was met here. Therefore, the court could properly rule that this was not a derivative action; plaintiff suffered no loss of rights as a result. In light of the extensive procedural history outlined above and the availability of individual actions, plaintiff's reliance on the one sentence is misplaced. *A fortiori*, then, the court could not and did not abuse its discretion under G.S. 55-55(d).

Plaintiff also alleges error in the court's refusal to award him attorneys' fees as a discovery sanction pursuant to G.S. § 1A-1, Rule 37. His motions were, however, granted in part and denied in part; he has not shown that the court abused its discretion in apportioning costs. This assignment is also without merit.

Affirmed.

Judge PHILLIPS concurs.

Judge ARNOLD concurs in the result.

Judge ARNOLD concurring.

I concur in the majority's decision to affirm the order of the trial court denying plaintiff's request for attorneys' fees. How-

---

3. The corporation must be joined as a party; this condition was met here as to both Ruth's corporations.

Miller v. Ruth's of North Carolina, Inc.

ever, believing this to have been a derivative action, I rest my decision on the fact that plaintiff has failed to show an abuse of discretion by the trial court. G.S. 55-55(d) provides that "If the action on behalf of the corporation is successful, in whole or part, whether by means of a compromise and settlement or by a judgment, the court may award the plaintiff the reasonable expenses of maintaining the action, including reasonable attorney's fees. . . ." For plaintiff to be entitled to attorneys' fees under this statute, then, it must be found first that this action is a shareholder's derivative action brought on behalf of the corporation and, second, that the trial court abused its discretion in denying plaintiff's request.

A stockholder may maintain an action in behalf of a corporation against the corporate officers for acting against the interest of the corporation only where he alleges that he has exhausted reasonable efforts to obtain relief within the corporate management or where it appears that efforts to obtain such relief would be to no avail. *Hill v. Erwin Mills, Inc.*, 239 N.C. 437, 80 S.E. 2d 358 (1954). *See* 3 Strong's N.C. Index 3d, Corporations § 6 (1976).

In the case at bar, plaintiff alleged in his complaint that he was unable to obtain relief from defendants, despite his persistent efforts. Moreover, he specifically asked for relief for the Ruth's corporations. It is clear that the corporations were injured by the acts of defendants. Therefore, although the judgment awarding damages does appear to resemble an individual recovery in some respects, the totality of the evidence indicates that this action is in fact a derivative action, brought on behalf of the corporation. G.S. 55-55(d) is, therefore, applicable.

The provision in G.S. 55-55(d) that "the court *may* award" reasonable attorneys' fees clearly leaves that decision to the discretion of the trial judge. A finding that the judge erred in denying a request for attorneys' fees would, therefore, require the complaining party to show an abuse of that discretion. After a careful examination of the record on appeal, it cannot be found that the trial court abused its discretion in denying plaintiff's motion.

In its order directing defendants to purchase plaintiff's interest in the Ruth's corporations, the court found the following instances of bad faith on the part of defendants: 1) payment of

B & H Foods' expenses by Ruth's; 2) registration of Ruth's trademark in the name of B & H Foods as owner; 3) transferral of Ruth's employees to other corporations in which defendants owned stock; 4) transferral of Ruth's income, customers, and existing business opportunities to a brokerage company owned by defendants; 5) alteration of a written distributorship agreement between Ruth's and B & H Foods so as to impose additional expenses on Ruth's; 6) cancellation of the distributorship agreement, with the effect being that total control of Ruth's was left in the hands of defendants; 7) adjustment of Ruth's income so as to reduce its profits; and 8) putting the aforementioned brokerage firm in control of Ruth's business activities to its detriment. These acts were found by the court to have rendered the Ruth's corporations "substantially unprofitable." Plaintiff maintains that by making these findings the court was, in effect, required to go an additional step and award attorneys' fees as well. This is not correct.

Although there is no hard and fast rule as to what constitutes an abuse of discretion, the view is generally taken that any party seeking such a finding has a substantial hurdle to overcome. The general rule in this state is that "the action of the trial court as to matters within its judicial discretion will not be disturbed unless there is a clear abuse thereof; or, as it is frequently stated, the appellate court will not review the discretion of the trial court." *Meiselman v. Meiselman*, 58 N.C. App. 758, 768-69, 295 S.E. 2d 249, 256 (1982). In the case at bar, the order of the court denying attorneys' fees states "[t]hat the Motion by the plaintiffs for the allowance of attorney's fees to the plaintiff is in the discretion of the court denied." Although the trial judge did not detail his reasons for denying plaintiff's request for attorneys' fees, the record suggests several possibilities.

Plaintiff contends that defendants were uncooperative during discovery, causing delay and added expense. The record shows, however, that plaintiff himself may have contributed to any delay which occurred, particularly by filing a petition for cancellation of the Ruth's trademark with the Trademark Office Trial and Appeals Board. The action remained with that board for some three years before it was ultimately decided that plaintiff lacked standing for such an appeal.

More importantly, plaintiff received a substantial recovery. In assigning a value to plaintiff's stocks the referee chose the date of the filing of the complaint rather than the date of judgment. By basing the valuation on the prior date, where, as the referee reported, "due to drastic changes and numerous economic and business factors unrelated to specific acts of mismanagement," the stock had a much greater value, plaintiff received the maximum economic benefit allowable. The trial court did not abuse its discretion in refusing to add to plaintiff's recovery by the award of attorneys' fees. Moreover, this Court should not substitute its discretion and allow the attorney fees simply because in our opinion plaintiff might very well have deserved the attorney fees.