HELSON'S PREMIUMS AND GIFTS, INC. v. JEAN PHILLIPS DUNCAN, T/A SPECIALTY BROKERS ADVERTISING

No. 7026DC634

(Filed 18 November 1970)

1. Sales § 17; Uniform Commercial Code § 15— counterclaim for breach of warranty — sufficiency of evidence for jury

In this action to recover the purchase price of 264 electric knives sold by plaintiff to defendant, the trial court erred in directing a verdict in favor of plaintiff on defendant's counterclaim for damages resulting from plaintiff's breach of warranty on 765 radios that were part of the order for the knives, where defendant's evidence tended to show that plaintiff made an express warranty that the radios ordered by defendant were identical to the model desired by defendant's customer and that only the model number had been changed, that the warranty was made before defendant placed her order with plaintiff and constituted a basis for the bargain, that defendant's customer refused to accept the radios delivered by plaintiff, that the two models were not identical and the model delivered by plaintiff was inferior to that desired by defendant's customer, and that defendant lost a profit of $1,807.05 as the result of cancellation of the order by her customer. G.S. 25-2-313.

2. Evidence § 33; Damages § 13— hearsay evidence — speculative damages

The trial court properly excluded under the hearsay rule and the speculative damages rule evidence offered by defendant that she was damaged by plaintiff's breach of warranty on radios that were refused by defendant's customer because defendant was thereafter placed on the customer's "black list" and was not allowed to bid on other contracts with the customer.

3. Rules of Civil Procedure § 15— denial of motion to amend answer and counterclaim

The trial court did not err in denying defendant's motion to amend her answer and counterclaim to indicate clearly that her counter-

claim was based on breach of contract, since the trial court has broad discretion in permitting or denying amendments and denial of the motion did not prejudicially affect defendant's rights. Rule of Civil Procedure No. 15(b).

APPEAL by defendant from *Stukes, District Judge,* 4 May 1970 Session, MECKLENBURG District Court.

This civil action was instituted by plaintiff to recover the sales price of certain merchandise sold by plaintiff to defendant. The complaint alleges that defendant is indebted to plaintiff in the sum of $25.70, the purchase price of a gift catalog, and the further sum of $3,165.36, the purchase price of 264 electric knives delivered on defendant's order to Union Carbide Corporation (Union Carbide) at Oak Ridge, Tennessee.

Defendant filed answer in which she denied being indebted to plaintiff for the gift catalog but admitted owing plaintiff the amount alleged in the complaint for the electric knives. Defendant further alleged counterclaims against plaintiff for $1,807.05 and $7,500 resulting from loss of profits and damages by reason of plaintiff's breach of warranty on 765 radios that were part of the order for the knives.

At trial, following introduction of portions of the complaint and answer relating to indebtedness for the knives, plaintiff's motion for directed verdict for $3,165.36 was allowed. Defendant then introduced evidence summarized as follows:

Early in 1969 defendant's salesman negotiated with Union Carbide for the sale of merchandise to it for use in an incentive program. Thereafter, defendant's salesman contacted plaintiff and requested prices on certain electric knives and on RCA Model RLD25Y (25Y) radios, items desired by Union Carbide. Regarding the radios plaintiff advised defendant's salesman that 25Y was a "last year's model" and no longer available; that 25Y had been replaced by RCA Model No. RLD21Y (21Y); that 21Y was the same radio as 25Y, just a change of model number; that the two radios had the same component parts and "if anything" 21Y was a better radio. Plaintiff was quoted by defendant as having said "Little girl, don't you worry. It's the same radio, only a newer model." On the basis of plaintiff's representations, defendant placed a bid for the contract to furnish Union Carbide 264 electric knives and 769 RCA radios; the purchase requisition from Union Carbide to defendant specified RCA Model 25Y radios. Defendant's bid was accepted

by Union Carbide and defendant on 20 February 1969 placed her order with plaintiff for the knives and radios to be shipped to Union Carbide. Although defendant's order to plaintiff specified Model 25Y radios, the specification was followed by this qualification: "(It is my understanding that you will substitute the above to RLD21Y because RLD25Y is no longer available. This is the replacement for the 25Y. The 21Y has all the same features.)" On 10 March 1969 Union Carbide notified defendant it would not accept the 21Y radios in substitution for 25Y radios. Defendant proceeded to supply Union Carbide with the electric knives at a small loss; had Union Carbide accepted the radios, defendant would have received a profit of $1,807.05 on the radios. On the same day that Union Carbide rejected the radios, defendant determined that although models 25Y and 21Y looked alike on the outside, when the cases were removed, 25Y was found to have a four inch speaker and 21Y a three and one-half inch speaker; there was also a difference in the dials of the two models.

Defendant attempted to offer evidence that following the above experience she attempted to make further sales to Union Carbide but was placed on their "black list" and no further business relations between defendant and Union Carbide were had; that defendant suffered considerable damage by reason of being placed on Union Carbide's black list. Evidence on these contentions was offered by defendant's salesman and was rejected.

At the close of all the evidence, defendant moved to amend her counterclaim but the court in its discretion denied her motion. Plaintiff moved to dismiss the counterclaim and for a directed verdict; plaintiff's motions were allowed and from judgment predicated thereon, defendant appealed.

*James M. Shannonhouse, Jr., for plaintiff appellee.*

*Raleigh A. Shoemaker and Hugh L. Lobdell for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the trial court committed error in directing a verdict in favor of plaintiff on defendant's counterclaim and in not submitting appropriate issues to the jury. We agree with this contention.

Gifts, Inc. v. Duncan

G.S. 25-2-313, a portion of the Uniform Commercial Code, provides as follows:

"§25-2-313.   EXPRESS WARRANTIES BY AFFIRMATION, PROMISE, DESCRIPTION, SAMPLE.— (1) Express warranties by the seller are created as follows:

(a)   Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b)   Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c)   Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2)   It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty. (1965, c. 700, s. 1.)"

Considering defendant's evidence in the light most favorable to her, the jury could have found that plaintiff made an express warranty that the RCA Model 21Y radio was identical to 25Y, that the warranty was made before defendant placed her order with plaintiff and constituted a basis for the bargain. Evidence that Union Carbide refused to accept the radios and that the investigation of differences in the two models by defendant's salesman subsequent to Union Carbide's cancellation, if believed, was sufficient to show that the two models were not identical and that 21Y was inferior. As to defendant's damage on loss of sale of the radios, there was direct testimony to the effect that she lost a profit of $1,807.05 as the result of the cancellation order by Union Carbide. The trial court erred in directing a verdict in favor of plaintiff on defendant's counterclaim.

[2]   Defendant next contends that the trial court erred in excluding testimony of defendant's witness to the effect that defendant was damaged by reason of not being allowed to bid

on other contracts with Union Carbide and consequent damages resulting to defendant. This contention is without merit as the evidence offered by defendant was inadmissible under the hearsay rule and the speculative damages rule. *Wilson v. Hartford Accident and Indemnity Co.*, 272 N.C. 183, 158 S.E. 2d 1 (1967) ; 3 Strong N. C. Index 2d, Damages, Sec. 8, pp. 174-175.

[3]    Finally, defendant contends that the court erred in denying her motion to amend her answer and counterclaim to clearly indicate that her counterclaim was based on breach of contract. This contention is without merit as the trial court has broad discretion in permitting or denying amendments and the denial of the motion did not prejudicially affect defendant's rights. *Perfecting Service Co. v. Product Dev. & Sales Co.*, 264 N.C. 79, 140 S.E. 2d 763 (1965) ; G.S. 1A-1, Rule 15(b).

For the reasons stated, defendant is entitled to a

New trial.

Judges CAMPBELL and VAUGHN concur.