ISAAC B. MARKHAM v. WILBUR JOHNSON AND WIFE,
CLAUDINE C. JOHNSON

No. 7214SC371

(Filed 28 June 1972)

**1. Pleadings § 37— agency of husband for wife — admissions in answer**
 Where answer signed and sworn to by the wife admitted that she was a party to the grading contract with the plaintiff which gave rise to the lawsuit, the husband's authority to act as agent for the wife in entering the contract with plaintiff will be deemed established.

**2. Rules of Civil Procedure § 15— motion to amend to conform to evidence — discretion**
 No abuse of discretion has been shown in the trial judge's denial of defendants' motion to amend their answer to conform to the evidence under G.S. 1A-1, Rule 15(b).

**3. Appeal and Error § 24— necessity for exceptions**
 An assignment of error must be supported by an exception previously noted.

**4. Trial § 34— statement of contentions**
 There is no merit in defendants' contention that the trial court de-emphasized their contentions and over-emphasized plaintiff's contentions, where the court's statement of contentions comprises only eighteen lines of the record on appeal and twelve of those lines are devoted to defendants' contentions.

APPEAL by defendants from *Lee, District Judge,* 19 October 1971 Session of DURHAM District Court.

Plaintiff, a Durham grading contractor, instituted this action against Wilbur Johnson and wife, Claudine C. Johnson, alleging that the defendants entered into an express oral contract with the plaintiff, whereby the plaintiff agreed to clear brush, push up stumps, and clear approximately 15 acres of defendants' land; that the defendants agreed to pay the plaintiff the sum of $135.00 per acre for said clearing, pushing up stumps and piling brush. Plaintiff further alleged that he cleared the land, pushed up stumps, and piled brush pursuant to the terms of the contract with defendants; that the total amount the defendants owed the plaintiff for the above work was $2,025; that defendants paid him the sum of $700, leaving a balance due of $1,325 on the original contract price. Based on the foregoing allegations, plaintiff sought a judgment against defendants in the amount of $1,325, plus interest, and a declaration that the judgment constitute a lien on the defendants' real

estate. Plaintiff had previously filed a Notice of Lien in December 1969 under the provisions of Chap. 44 of the General Statutes of North Carolina.

In their answer, defendants admit that on or about 15 August 1969 they entered into an express oral contract with the plaintiff, whereby defendants agreed to pay the plaintiff the sum of $135 per acre to clear brush, push up stumps, and clear approximately fifteen acres of defendants' land. However, defendants denied that they became indebted to plaintiff for payment of $2,025 or that there was a balance due of $1,325 on the original contract price.

In the District Court before a jury, the plaintiff introduced evidence in support of his allegations. Defendants' evidence tended to show that Wilbur Johnson paid the plaintiff first $700 by check and on two other separate occasions paid plaintiff $500 in cash each time, making a total of $1,700 paid to plaintiff, who was to give Wilbur Johnson the receipts for the cash later. However, no receipts were ever issued to the defendants. The defendants' testimony further disclosed that the plaintiff stopped and never finished the work contracted; thus, defendants claimed they owed the plaintiff nothing. At the close of the evidence the court submitted issues to the jury which were answered as follows:

"(1) Are the defendants indebted to the plaintiff for work done and performed by the plaintiff?

"Answer: Yes.

"(2) If so, in what amount?

"Answer: $1,325"

From judgment that plaintiff recover $1,325 and that the judgment shall be a lien upon the defendants' property described in the "Notice of Lien," defendants appealed.

*Bryant, Lipton, Bryant & Battle, by Richard M. Drew, for plaintiff-appellee.*

*W. G. Pearson II, for defendant-appellants.*

BROCK, Judge.

[1] The defendants first assign as error that the trial judge denied defendants' motion for a directed verdict and for judg-

---

Markham v. Johnson

---

ment notwithstanding the verdict as to the defendant Claudine C. Johnson. Defendants argue that this motion should have been granted, because the evidence does not disclose that Claudine C. Johnson was a party to the contract with plaintiff and that there was no evidence of ratification by Mrs. Johnson or that Mr. Johnson was acting as an agent for his wife when he alone entered into the said contract with plaintiff. Therefore, Claudine C. Johnson is not liable jointly or severally to the plaintiff in the sum of $1,325.

Although we find this argument of defendants resourceful, it is, nevertheless, without merit. The issue, which defendants are now attempting to raise, that there was a lack of any agency relationship on behalf of Claudine C. Johnson was not raised by the pleadings filed in the case. In fact, by admission contained in the answer which Mrs. Johnson signed and swore to, she and her husband admitted she was a party to the contract with the plaintiff which gave rise to the lawsuit. The defendants' admission went to the material fact that there was a contract between plaintiff and the defendants. "Where a material fact is alleged in the complaint and admitted in the answer, it will, for the purpose of the trial, be taken as true and beyond the range of questioning." *Johnson v. Johnson*, 7 N.C. App. 310, 172 S.E. 2d 264.

[2]   The defendants next assign as error the trial judge's denial of defendants' motion to amend paragraph 3 of their answer in order to conform with the evidence as offered during the trial in accordance with G.S. 1A-1, Rule 15(b). This motion was not made until after defendants' motion for judgment notwithstanding the verdict was denied.

The defendants' motion was addressed to the sound discretion of the trial judge. The trial court has broad discretion in permitting or denying amendments. *Gifts, Inc. v. Duncan*, 9 N.C. App. 653, 177 S.E. 2d 428. The defendants have not argued or shown any abuse of discretion by the trial court in denying their motion to amend their answer; therefore, this assignment of error is overruled.

The defendants' last assignment of error brought forward on appeal is that the trial court erred in over-emphasizing the plaintiff's contentions and de-emphasizing the contentions of the defendants in its charge to the jury.

[3, 4]   The exception referred to in this assignment of error is Exception No. 5. Exception No. 5 was taken to the brief explanation given by the trial judge of the law applicable to the two issues. There was no exception to the statement of contentions. An assignment of error must be supported by an exception previously noted. In any event the statement by the trial judge of the contentions of the parties takes only eighteen lines in the printed record on appeal; twelve of these lines are devoted to stating defendants' contentions. This assignment of error is overruled.

No error.

Judges MORRIS and HEDRICK concur.