Arnold v. Distributors and Wilson v. Distributors

ARTHUR LARRY ARNOLD v. MERCHANTS DISTRIBUTORS, INC.
AND RONNIE WAYNE LEWIS

— AND —

TIMOTHY EUGENE WILSON v. MERCHANTS DISTRIBUTORS, INC.
AND RONNIE WAYNE LEWIS

No. 7422SC187

(Filed 5 June 1974)

1. **Pleadings § 32— denial of motion to amend answer — discretion of court**

The trial court did not abuse its discretion in the denial of defendants' motion to be allowed to amend their answers to plead contributory negligence on the part of plaintiffs as passengers in a truck driven by another.

2. **Automobiles § 53— driving on wrong side of highway**

Plaintiffs' evidence was sufficient for the jury where it tended to show that defendants' truck was traveling on the wrong side of the highway when it collided with plaintiffs' oncoming truck.

3. **Automobiles § 90— vehicles meeting on highway — failure to apply law to evidence**

In an action arising out of a collision between two trucks in which the evidence was conflicting as to which truck was on the wrong side of the highway at the time of the collision, the trial court erred in failing to apply the law as to vehicles meeting on the highway to defendants' evidence that their truck was traveling in the proper lane at the time of the accident and that plaintiffs' truck was across the center line of the highway.

ON *Certiorari* to review the trial before *Collier, Judge,* 6 August 1973 Session of Superior Court held in IREDELL County.

These are civil actions wherein plaintiffs, Arthur Larry Arnold (Arnold) and Timothy Eugene Wilson (Wilson), seek to recover damages for personal injuries allegedly resulting from a collision between the truck in which plaintiffs were riding as passengers and a truck owned by defendant, Merchants Distributors, Inc., (MDI) and driven by defendant Ronnie Wayne Lewis (Lewis). In addition to the two defendants named above, the plaintiffs each also included as a party defendant (both as an individual and as the administrator of his son's estate) John Hutchinson, father of the deceased driver of the vehicle in which plaintiffs were riding.

The complaint in the Arnold case was filed in October 1969; while the complaint in the Wilson case was filed two months

thereafter. In January of 1970, the defendants, MDI and Lewis filed answers to these two complaints and also a crossclaim for personal injuries and property damages against John N. Hutchinson, individually and as administrator of the estate of his son, alleging negligence on the part of Hutchinson and his deceased son. Previously, on 9 September 1969, the defendants Lewis and MDI had instituted an action in Catawba County involving the same parties and claims as named in the aforementioned crossclaim; however, at the 4 January 1972 Session of Superior Court held in Catawba County, a jury answered the issue of the Hutchinsons' negligence in the negative; and it was adjudicated that defendants MDI and Ronnie Wayne Lewis have and recover nothing of John N. Hutchinson, individually, and as administrator of the estate of Mark S. Hutchinson. Subsequently, on 9 February 1972, the defendant Hutchinson filed a motion in Iredell County requesting to be allowed to amend his answer to the crossclaim of defendants Lewis and MDI to plead the judgment in Catawba County as *res judicata* to the defendants' crossclaim in the Iredell County action. On 19 March 1973 an order was entered dismissing the crossclaim of the defendants MDI and Lewis against Hutchinson, both individually and as administrator of the estate of Mark S. Hutchinson.

These two cases were consolidated for trial and were first heard at the 30 April 1973 Session of Superior Court held in Iredell County. At the time the case was called, the plaintiffs submitted to a voluntary dismissal with prejudice of their claim against defendant Hutchinson individually; and at the conclusion of plaintiffs' evidence, defendant Hutchinson as administrator of the estate of Mark Hutchinson moved for and was granted a directed verdict pursuant to G.S. 1A-1, Rule 50(a), Rules of Civil Procedure. The first trial as to the defendants Lewis and MDI resulted in a mistrial. Thereafter, on 6 August 1973 the trial giving rise to the present appeal was commenced; and the plaintiffs offered evidence tending to show the following:

On 2 June 1969 plaintiffs Wilson and Arnold were passengers in a 1965 Dodge truck, which was being driven by Mark Hutchinson. The truck was equipped with a two-man sleeper and was used by plaintiffs and Mark Hutchinson, all of whom were members of a professional-style drag racing team, to transfer their racing car from one locality to another. On this particular trip the three men departed from Suffolk,

Arnold v. Distributors and Wilson v. Distributors

Virginia, at 8:00 o'clock Sunday evening following an auto race. Plaintiff Arnold drove the truck for three or four hours until they stopped to get something to eat. At midnight, Hutchinson, who had been asleep in the back of the truck, assumed the role of driver and continued in this capacity until shortly after five o'clock the next morning at which time their truck became involved in a collision with a truck belonging to defendant MDI and driven by defendant Lewis. At the time of the collision, the truck operated by Hutchinson was headed in a westerly direction on highway US 64, while the MDI truck was progressing in an easterly direction. US 64 was described as being a twenty-two foot wide highway over which two-lane traffic traveled and having a posted speed limit of 55 miles per hour for cars and 45 miles per hour for trucks. Geographically, the site of the accident was east of Statesville in Iredell County where Highway 64 contains a number of valleys and hills; and the collision occurred just after the MDI truck had reached the crest of one of these hills and shortly before the truck in which plaintiffs were riding arrived at the top of this same hill.

Officer J. M. Burns of the State Highway Patrol investigated the accident and testified that upon his arrival at the scene of the collision, he observed defendant MDI's truck on the south side of Highway 64 headed in an easterly direction; and the 1965 Dodge truck in which plaintiffs were riding was on the north side headed in a westerly direction. Both trucks were heavily damaged with the bulk of the damages being located on the left side or driver's side of the vehicles. Officer Burns further testified that:

"There were approximately 37 feet of skid marks on the highway and shoulder with just a small portion of the skid marks on the shoulder where the right wheel of the MDI truck ran off the pavement on the south side. There were no skid marks on the shoulder running parallel with U. S. Highway 64. The 37 feet of skid marks on the paved portion of the highway ran from the left rear wheels of the trailer. * * * The 37 feet of skid marks started approximately a foot or 14 inches on the south side of the center line and ran parallel with the center line a short distance and then verred [sic] off toward the south shoulder."

Officer Burns also indicated that he had talked with defendant Ronnie Lewis shortly after the accident and that Lewis

had stated to him that immediately prior to the accident he was driving between 45 and 50 miles per hour.

The only eyewitness to the accident aside from the occupants of the two trucks was Paul Fink, who at the time of the collision was traveling approximately one-third of a mile behind the truck in which plaintiffs were riding. He testified that he had a constant, unimpeded view of the truck and that the last time he saw the truck, it was in the right hand lane. Similar testimony was offered by plaintiff Wilson who testified as follows:

> "As to what happened directly leading up to the collision, like I said I was dozing and then all of a sudden Mark yelled 'look out.' I looked up and I could see the side of the road. It was the right side of the road because I could see the shoulder. We were almost on top of the shoulder, and I could see the headlights to the other truck coming towards us. No, the MDI truck was not in its proper lane. It would have had to be on our side . . . ."

Plaintiffs also offered as evidence the oral testimony and written depositions of several doctors who had treated plaintiffs for injuries allegedly received in the accident. This evidence tended to establish that both plaintiffs received in the accident severe, painful, and permanent personal injuries, and that each plaintiff incurred substantial hospital and medical bills for his injuries, and that each plaintiff lost considerable time and money from his employment.

Issues as to defendants' negligence were submitted to and answered by the jury in favor of the plaintiffs. The jury answered the issue as to Arnold's damage in the amount of $135,000.00 and the issue as to Wilson's damage in the amount of $27,500.00. From judgments entered on the verdicts, the defendants appealed.

*Seymour S. Rosenberg and Sowers, Avery & Crosswhite by William E. Crosswhite for plaintiff appellees.*

*James C. Smathers and Edwin G. Farthing for defendant appellants.*

HEDRICK, Judge.

[1]  By their first assignment of error, based on an exception to an order dated 30 April 1973, defendants contend the court

Arnold v. Distributors and Wilson v. Distributors

erred in denying their motion to be allowed to amend their answers to plead contributory negligence on the part of plaintiffs as passengers in the truck being driven by Hutchinson. It will be noted that the order denying the motion was entered subsequent to the entry of the judgment of the case in Catawba County, where the question of Hutchinson's negligence had been determined in his favor as the driver of the truck in which plaintiffs were riding. Likewise, it will be noted that the order denying the motion was entered prior to the first trial which resulted in a mistrial and was not renewed before the trial giving rise to the present appeal. A motion to amend the pleadings is addressed to the sound discretion of the trial court and is not reviewable upon appeal in the absence of a showing of abuse of discretion. *Flores v. Caldwell,* 14 N.C. App. 144, 187 S.E. 2d 377 (1972) ; *Gifts, Inc. v. Duncan,* 9 N.C. App. 653, 177 S.E. 2d 428 (1970). Clearly, there has been no showing in this case of an abuse of discretion. This assignment of error is without merit.

[2]  We next discuss defendants' contention that the trial court erred in not granting defendants' motion for a directed verdict. A review of the evidence presented leads us to conclude that the evidence introduced by plaintiffs was sufficient to withstand the motion for directed verdict and to require submission of the cases to the jury.

[3]  Defendants, by their assignment of error number 27, contend that the trial court erred in its charge to the jury. More specifically, the defendants argue that, although the trial court correctly stated the applicable law with regard to vehicles meeting on the highway, the trial court erred when it failed to apply this law to certain evidence introduced by the defendants. A careful examination of the charge discloses that the court did correctly declare and explain the law with respect to vehicles meeting on the highway, and did correctly and accurately apply this to plaintiffs' evidence tending to show that defendant Lewis was driving on the wrong side of the highway. However, the defendants contended, and their evidence tended to show, that the driver of the vehicle in which plaintiffs were riding, not the defendants, was driving on the wrong side of the road at the time of the collision. Defendants now maintain that the trial court's failure to apply the relevant law as to vehicles meeting on the highway to this evidence constitutes prejudicial error for which the defendants are entitled to a new trial.

In their answers and further defenses to plaintiffs' complaints, the defendants, among other things, alleged that Mark S. Hutchinson, the deceased driver of the truck in which plaintiffs were riding, was driving on the wrong side of the highway at the time of the accident. At trial the defendants offered the testimony of two witnesses, defendant Lewis (driver of defendant MDI's truck) and Patrolman Burns (the investigating officer) in support of this allegation. Their testimony tended to establish that defendant Lewis was driving in the proper lane at the time of the accident, and that the truck driven by Hutchinson in which the plaintiffs were riding, was across the center line of the highway at the time of the collision. While defendants submit that the trial court erred in its charge in not applying the law to the defendants' evidence, the plaintiffs insist that the defendants cannot now be heard to complain that the trial court erred, since the defendants did not make a special request that such instruction be given.

> "It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence, without special request, and to apply the law to the various factual situations presented by the conflicting evidence." 7 Strong, N. C. Index 2d, Trial, § 33, pp. 324-5.

We are of the opinion that the defendants were entitled to have the applicable law applied to the evidence which they introduced without having to make a request for a special instruction. For error in not doing so, the defendants must be afforded a new trial. It was crucial to defendants' case to have the trial court apply the law relating to vehicles meeting on the highway to the relevant evidence defendants introduced, as this evidence tended to sustain defendants' contention that they were not actionably negligent. *Faison v. Trucking Co.*, 266 N.C. 383, 146 S.E. 2d 450 (1965). Therefore, the defendants are entitled to a new trial.

Defendants have brought forward other assignments of error which we do not discuss inasmuch as they are not likely to recur upon retrial.

New trial.

Judges CAMPBELL and BALEY concur.