JUDY PHILLIPS JOHNSON, ADMINISTRATRIX OF THE ESTATE OF HENRY LEWIS PHILLIPS v. THE NORTHWESTERN BANK AND OPEL PHILLIPS ELLER

No. 7523SC243

(Filed 15 October 1975)

1. Banks and Banking § 4; Cancellation and Rescission of Instruments § 4— savings account — joint survivorship agreement — failure of one party to understand agreement

An administratrix was not entitled to set aside a savings account joint survivorship agreement signed by the intestate and his sister on the ground that the intestate's sister did not correctly understand the nature of the agreement which she signed where the intestate admittedly signed the agreement voluntarily and understandingly.

Johnson v. Bank

**2. Pleadings § 32— refusal to allow amendment to complaint**

    The trial court did not err in refusing to allow plaintiff adminis-
tratrix to amend her complaint where the amendment would assert a
claim completely different from that alleged in the original complaint,
on behalf of persons not parties to the present litigation, which plain-
tiff as administratrix had no standing to assert. G.S. 1A-1, Rule 15(a).

APPEAL by plaintiff from *Wood, Judge.* Judgment entered
20 January 1975 in Superior Court, WILKES County. Heard in
the Court of Appeals 27 May 1975.

Plaintiff, Administratrix of the estate of Henry Lewis
Phillips, who died intestate 20 November 1973, commenced this
action on 1 March 1974 to recover as an asset of the estate the
sum of $17,975.02, being the balance on deposit in a joint sur-
vivorship savings account in defendant bank. The account was
in the joint names of the decedent, Henry Lewis Phillips, and
his sister, the individual defendant, Opel Phillips Eller.

In her verified complaint plaintiff in substance alleged: On
4 December 1970 Henry Lewis Phillips opened the savings
account in defendant bank. All money deposited in the account
belonged to him. Plaintiff is informed and believes that "without
the knowledge or consent of the defendant, Opel Phillips Eller,
the deceased opened said account in the name of Henry Lewis
Phillips and Mrs. Opel Eller, as a joint survivorship account."
After opening the account the deceased advised Mrs. Eller that
it was necessary that she take some of his money and deposit
it in the account and that upon her doing so it would be neces-
sary that she sign a card at the bank. Mrs. Eller did deposit
money belonging to the deceased in the account and did sign
"some form at the bank." Mrs. Eller "did not understand or
knew what form or what document she had signed." Plaintiff
is informed that the document signed by Mrs. Eller was a joint
survivorship contract. The defendant, Opel Phillips Eller, was
not aware that any joint survivorship account existed until
after the death of Henry Lewis Phillips. The funds deposited in
the account are the property of the estate of Henry Lewis
Phillips, but the individual defendant claims ownership of the
funds in the account by reason of the joint survivorship con-
tract.

The Northwestern Bank filed answer in which it acknowl-
edged that the sum deposited in the account plus interest
amounted to $17,975.02. The bank prayed that the court deter-
mine the proper claimant.

The individual defendant filed a verified answer in which she alleged that she and Henry Lewis Phillips opened the account on or about 4 December 1970 and at that time both signed a form provided by the bank wherein it was agreed that in case of death of either, the survivor would be sole owner of the account. A copy of this agreement, which was on the signature card provided by the bank and was in the form prescribed in G.S. 41-2.1, was attached to the answer.

On 22 March 1974 the individual defendant filed a motion for summary judgment, supporting her motion by her verified answer and by affidavits of her husband, of a friend of the deceased, and of the bank teller who opened the account. In these affidavits each affiant stated that Henry Lewis Phillips had discussed the bank account with the affiant and had expressed his understanding and intention that upon his death all funds in the account would be the sole property of his sister, the individual defendant.

In opposition to defendant's motion for summary judgment, plaintiff, on 6 May 1974, filed her own affidavit and an affidavit of her attorney. In her own affidavit plaintiff stated that following the death of her intestate she informed Mrs. Eller that the account was in the name of both the deceased and Mrs. Eller, and Mrs. Eller "expressed astonishment at this fact and advised the plaintiff that she was unaware that her brother had any funds in an account which was held jointly with her." Plaintiff further stated in her affidavit that following that conversation, Mrs. Eller "stated to the plaintiff her intentions of placing this money in trust for the plaintiff's children since none of the money deposited in said account belonged to her." In the affidavit of plaintiff's attorney it is averred that at a meeting on 30 December 1973 Mrs. Eller stated, in response to a question from the attorney, that she did not know that the account was deposited in her name and in the name of Henry Lewis Phillips until after her brother's death. The attorney's affidavit also contains allegations that Mrs. Eller further stated that all of the money in the account belonged to Henry Lewis Phillips, that she did make one deposit in the account on behalf of Henry Lewis Phillips, that she did sign a card at the bank, that it was her opinion it was necessary for her to do so in order for her to deposit the money, and that she did not read the card, was unaware of its contents, and was unaware that she had signed any kind of joint depository contract.

The attorney also stated in his affidavit that at the meeting on 30 December 1973 Mrs. Eller agreed to place all the money in the account in a trust for the benefit of plaintiff's children but that he was advised on 10 January 1974 that she had changed her mind.

The court granted the individual defendant's motion for summary judgment, and plaintiff appealed.

Simpson, Martin, Baker & Aycock by David S. Simpson and Samuel E. Aycock for plaintiff appellant.

William H. McElwee III for defendant appellee, Opel Phillips Eller.

Bradley J. Cameron for defendant appellee, The Northwestern Bank.

PARKER, Judge.

[1] No dispute exists and the pleadings and affidavits of both parties establish that plaintiff's intestate and his sister, the individual defendant, both signed the joint account agreement covering the bank account here in question, that this agreement expressly provides that in case of the death of either of the parties the survivor shall be the sole owner of the entire account, and that the agreement is in a form which brings it fully within the purview of G.S. 41-2.1. Plaintiff makes no contention that her intestate failed to understand the agreement or that his signature was affixed as a result of anything other than his own voluntary and knowledgeable decision. Nor does plaintiff contend that her intestate did not intend the agreement to have the survivorship consequences for which its language clearly provides. On the contrary plaintiff's contention is that the agreement is not binding on the estate which she represents solely because the other party to the agreement, the individual defendant in this case, was unaware of and did not correctly understand the nature and effect of the agreement which she signed. In effect, plaintiff's contention is that she is entitled to avoid the contract which her intestate admittedly signed voluntarily and understandingly solely because the other party to the contract did not understand it correctly. Plaintiff's contention cannot be sustained.

Even should plaintiff establish that Mrs. Eller did not correctly understand the nature of the agreement which she

signed, this would furnish no basis for granting any relief to the plaintiff. "A unilateral mistake may make a bargain voidable but it does not make it void. It is not voidable in favor of the party who made no mistake." 3 Corbin on Contracts, § 611, p. 697. Thus, whether Mrs. Eller did or did not fully understand the contract is simply not material in determining any issue presented in this case. A question of fact which is immaterial does not preclude summary judgment. *See Kessing c. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). We hold that summary judgment was properly entered in favor of the individual defendant.

[2]   We also find no error in the court's denying plaintiff's motion, first made at the session at which defendant's motion for summary judgment came on for hearing, for permission to amend her complaint. The amendment which plaintiff desired was not to assert any claim on behalf of the estate which she represents but to assert a claim on behalf of her children. By the proposed amendment plaintiff would seek specific performance of an agreement which she alleges the individual defendant made with her to create a trust for the benefit of plaintiff's children with the proceeds of the disputed bank account. Although G.S. 1A-1, Rule 15(a) admonishes that leave to amend "shall be freely given when justice so requires," we perceive no injustice in the court's refusal in the present case to allow an amendment which would assert a claim completely different from that alleged in the original complaint, on behalf of persons not parties to the present litigation, which plaintiff as administratrix has no standing to assert. At all events the matter was one within the sound discretion of the trial judge, *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588 (1972), and no abuse of discretion has been shown.

Affirmed.

Judges BRITT and VAUGHN concur.